**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSANNE CARBAJAL,

Plaintiff-Appellants,

v.

WELLS FARGO BANK, N.A., Successor,
WELLS FARO BANK SOUTHWEST,
N.A., FKA WACHOVIA MORTGAGE,
FSB,
FKA WORLD SAVINGS BANK,
FSB (Wells Fargo),

Defendants-Appellees

No. 15-55744

D.C. No.
2:14-cv-07851-PSG-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 28, 2017[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER, IKUTA, Circuit Judges, and FREUDENTHAL,\*\*\* Chief District Judge

Rosanne Carbajal appeals from the district court's dismissal of her federal and state law foreclosure-related claims against Wells Fargo. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

On appeal, Carbajal asserts two specific issues: 1) Whether the Home Owners' Loan Act (HOLA) preemption applies to the conduct of successors to federal savings associations; and 2) whether Wells Fargo Bank, N.A., holds any interest in the promissory note or deed of trust originated by World Savings Bank, FSB.

Initially, we observe that Carbajal's opening brief fails to comply with Federal Rule of Appellate Procedure 28 and Ninth Circuit Rules 28-2.5, 28-2.8, and 30-1.6. Most troublesome are the failures to provide a procedural history, to specifically identify the district court ruling presented for review, and to support the argument with appropriate citations to the district court record.[1]  While these

___

\*\*\*    The Honorable Nancy D. Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.
[1] The district court dismissed Carbajal's First Amended Complaint by minute order on January 23, 2015. However, the district court provided Carbajal an opportunity to amend. Carbajal filed her Second Amended Complaint on February 16, 2015. The district court dismissed Carbajal's Second Amended

deficiencies are substantial, they do not compel dismissal of the appeal. *See Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 997 (9th Cir. 2007) (declining to dismiss an appeal where the "procedural violations were not so egregious as to prevent Circus from meaningfully responding to the appeal").

### 1. *Carbajal failed to show the district court misapplied HOLA preemption.*

Carbajal claims the district court erred in applying HOLA preemption to the conduct of successors to federal savings associations. Carbajal's argument lacks merit because the district court did not rule that HOLA preemption applied to Wells Fargo's conduct. Rather, the district court, in its January 23, 2015 Order, dismissed Carbajal's negligence and misrepresentation claims for actions taken by either World Savings Bank or Wachovia based on HOLA preemption. This decision did not apply HOLA preemption to Wells Fargo's conduct. The district court's April 10, 2015 Order substantively considered and dismissed Carbajal's negligence and misrepresentation claims related to Wells Fargo's actions. This dismissal was not based on preemption, but was based on the merits of Carbajal's allegations. Carbajal's argument is misplaced and fails to establish any error by the district court.

---

Complaint by minute order on April 10, 2015. The district court entered its Judgment of Dismissal on April 15, 2015. Carbajal appealed from the Judgment of Dismissal.

3

2. *Carbajal failed to show the district court erred in finding Wells Fargo held an interest in the promissory note or deed of trust originated by World Savings Bank*

Carbajal also presents for review the issue of whether Wells Fargo held any interest in the promissory note or deed of trust originated by World Savings Bank. Carbajal fails to challenge the district court's finding that Wells Fargo obtained beneficial ownership of the loan through World Savings Bank becoming Wells Fargo through a name change and a merger. The district court properly relied on judicially noticed documents to find Wells Fargo obtained beneficial interest of the loan as a successor of World Savings Bank.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal."). Accordingly, we deny Carbajal's motion for judicial notice of documents that were available at the time of the motion to dismiss, but were not presented to the district court.

Carbajal filed a request for relief from failure to timely file a reply brief. Carbajal argues that allowing a reply is necessary to permit the appeal to be heard on the merits. The panel has substantively considered Carbajal's claims on the

4

merits. Carbajal fails to assert any other specific reason for allowing an untimely reply brief. We deny Carbajal's pro se request for relief from failure to timely file a reply brief.

**AFFIRMED.**